**WO**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawn H. Force, | Case No. CV-24-00037-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Nicholas J. Brazeau Jr., | |
| Defendant. | |

Pro se Plaintiff Shawn Force has filed a complaint against Defendant Nicholas Brazeau Jr. and an application to proceed in forma pauperis ("IFP").  Docs. 1, 2.  The Court will grant his application, screen his complaint, and dismiss the complaint for failure to state a claim.

**I.      Motion for IFP Status.**

Plaintiff attaches an affidavit on a court-approved form showing that he receives a total monthly income of $3,767.01 from disability benefits and has monthly expenses of $4,240.00.  The affidavit shows that he cannot pay or give security for fees and costs and still provide himself with the necessities of life.  *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1943).  His motion for IFP status will be granted.

**II.     Screening of Complaints.**

In IFP proceedings, a district court "shall dismiss the case at any time if the court determines" that the action "fails to state a claim on which relief can be granted[.]"  28 U.S.C. § 1915(e)(2).  Although much of § 1915 concerns prisoner litigation, § 1915(e)

applies to all IFP proceedings. *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (en banc). "[S]ection 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim." *Id.* at 1127. A district court dismissing a claim under this section "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* (citations omitted).

Dismissal is appropriate where a complaint lacks a cognizable legal theory, lacks sufficient facts alleged under a cognizable legal theory, or contains allegations disclosing some absolute defense or bar to recovery. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988); *Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n. 1 (9th Cir. 1997).

**III.   Dismissal is Warranted.**

Plaintiff currently is engaged in civil proceedings in Wisconsin state court. Last week, on January 4, 2024, Defendant Nicholas Brazeau Jr., a Wisconsin circuit court judge, entered an injunction against Plaintiff that requires him to surrender his firearms. Doc. 1 at 5. Plaintiff asks this Court to prevent Judge Brazeau's order from taking effect, arguing that the order violates Plaintiff's rights under the First, Second, and Fourteenth Amendments to the U.S. Constitution and the Supremacy Clause. He also argues that the Wisconsin state court does not have jurisdiction over him. Doc. 1 at 3-4. Plaintiff's claim is legally defective for at least two reasons.

**A.   *Rooker-Feldman* Doctrine.**

The *Rooker-Feldman* doctrine, which takes its name from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), bars federal district courts from exercising subject matter jurisdiction over direct or "de facto" appeals from state court judgments. *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012). "'It is a forbidden de facto appeal under *Rooker-Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by

the state court, and seeks relief from the judgment of that court.'" *Id.* (quoting *Noel*, 341 F.3d at 1163).

The doctrine "applies even where the challenge to the state court decision involves federal constitutional issues[.]" *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1142-43 (9th Cir. 2021) (cleaned up).  "[T]he doctrine applies to both final and interlocutory decisions from a state court," and "exists to protect state courts from collateral attack by a federal judgment." *Id.* (citations omitted).  Lawsuits asking a federal court to interfere with a state court case are dismissed under the *Rooker-Feldman* doctrine.  *See, e.g., Javidi v. Superior Ct.*, No. 21-CV-05393 SBA, 2022 WL 2439177, at *2–3 (N.D. Cal. July 5, 2022); *Kohlmann v. Larsen*, No. CV-22-08207-PCT-SMM, 2023 WL 1782023, at *9 (D. Ariz. Feb. 6, 2023).

### B.     *Younger* Abstention.

The abstention doctrine established by the Supreme Court in *Younger v. Harris*, 401 U.S. 37 (1971), states that federal courts may not interfere with pending state judicial proceedings "if the state proceedings are (1) ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims." *H.C. v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000) (citations omitted).  When *Younger* abstention is warranted, the case must be dismissed.  *Id.*

The proceedings involving Plaintiff in Wisconsin are ongoing because Plaintiff has not yet exhausted the state appeals process.  Wisconsin law provides that a party has 45 days after a final circuit court judgment or decision to file an appeal.  Wis. Stat. Ann. § 808.04(1).  Because the injunction against Plaintiff was entered on January 4, 2024, Plaintiff has until February 19, 2024 to appeal the court's decision.

The Wisconsin court order implicates an important state interest.  Attachments to Plaintiff's complaint show that the dispute arises out of child custody issues between Plaintiff and the mother of his child, and a petition by the mother for an injunction against Plaintiff.  Doc. 1 at 7-28.  "When family law is at issue, federal courts have held abstention is 'particularly appropriate.'"  *Climate Change Truth, Inc., v. Shipley*, No.

3:22-CV-663-AR, 2022 WL 1443244 (D. Or. May 6, 2022) (citing *Friends of Children, Inc. v. Matava*, 766 F.2d 35, 37 (1st Cir. 1985)); *see also Coats v. Woods*, 819 F.2d 236, 238 (9th Cir. 1987).

Plaintiff has an adequate opportunity to present his federal claims in state court. He raised his constitutional and jurisdictional arguments in a motion to dismiss in the state court and was provided a hearing.  Doc. 1 at 14-15, 18-21.  He may raise his concerns again on appeal.

**C.    Conclusion.**

This action is barred by the *Rooker-Feldman* and *Younger* doctrines, a defect that cannot be cured by amendment.  The Court accordingly will dismiss this action.

**IT IS ORDERED:**

1.    Plaintiff's application to proceed in forma pauperis (Doc. 2) is **granted.**

2.    Plaintiff's complaint (Doc. 1) is **dismissed.**

3.    The Clerk of Court is directed to terminate this matter.

Dated this 11th day of January, 2024.

David G. Campbell
Senior United States District Judge